UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOUANG SIEW SAECHAO, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-0624-X |
| | § | |
| KRISTI NOEM et al., | § | |
| | § | |
| *Respondents*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Mouang Siew Saechao's (Saechao) Emergency Motion for Temporary Restraining Order (TRO) and/or Preliminary Injunction (PI). (Doc. 3). This is one of many purported "emergency" TRO/PI requests filed by attorney Danial Gividen in the Northern District of Texas—consistent with the outcome in all 26 other cases involving substantially identical boilerplate filings—the Court **DENIES** the TRO/PI requested in this case.[1]

---

[1] *See Cruz Ramirez v. Noem et al.*, 6:26-CV-0035-H (Hendrix, J.); *Marquez Vazquez v. Noem et al.*, 6:26-CV-0011-H (Hendrix, J.); *Concha v. Noem et al.*, 6:25-CV-0105-H (Hendrix, J.); *Nguyen v. Noem et al.*, 6:25-CV-0105-H (Hendrix, J.); *Phan v. Noem et al.*, 6:25-CV-0055-H (Hendrix, J.); *Gulbas v. Noem et al.*, 3:26-CV-0296-K (Kinkeade, J.); *Priimov v. Noem et al.*, 3:25-CV-3555-O (O'Connor, C.J.); *Merchant v. Noem et al.*, 3:25-CV-3373 (Starr, J.); *Villantes George v. Noem et al.*, 3:25-CV-2935-S-BW (Scholer, J.); *Ramirez Guzman v. Noem et al.*, 3:25-CV-2932-E-BT (Brown, J.); *Flores Perez v. Noem et al.*, 3:25-CV-2920-K-BN (Kinkeade, J.); *Thai v. U.S. Dept. of Homeland Sec. et al.*, 3:25-CV-2221-X-BN (Starr, J.); *Alizadeh v. Noem et al.*, 3:25-CV-2316-S-BN (Scholer, J.); *Nouansisouhak v. Noem et al.*, 3:25-CV-2222-K-BW (Kinkeade, J.); *Ngo v. U.S. Dept. of Homeland Sec. et al.*, 3:25-CV-1943-L-BT (Lindsey, J.); *Nguyen v. Noem et al.*, 3:25-CV-1913-L-BT (Lindsey, J.); *Hong v. Noem et al.*, 1:26-CV-0037-H (Hendrix, J.); *Torres Medrano v. Noem et al.*, 1:25-CV-0285-H (Hendrix, J.); *Favel v. Noem et al.*, 1:25-CV-0261-H (Hendrix, J.); *Guevera-Vasquez v. Noem et al.*, 1:25-CV-0258-H (Hendrix, J.); *Guevera-Vasquez v. Noem et al.*, 1:25-CV-0258-H (Hendrix, J.); *Beltran-Menjivar v. Noem et al.*, 1:25-CV-0253-H (Hendrix, J.); *Vargas Isidoro v. Noem et al.*, 1:25-CV-0252-H (Hendrix, J.); *Candia-Rincon v. Noem et al.*, 1:25-CV-0251-H (Hendrix, J.); *Higareda-Cano v. Noem et al.*, 1:25-CV-0225-H (Hendrix, J.); *Ladak v. Noem et al.*, 1:25-CV-0194-H (Hendrix, J.).

A TRO serves to preserve the status quo at the timing the lawsuit was filed and prevent irreparable harm to the movant so a court can "render a meaningful decision after a trial on the merits."[2] To warrant the extraordinary relief of a TRO, the movant must demonstrate:

> (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.[3]

Preliminary relief should "not conclusively resolve legal disputes[,]" and thus a TRO is an inappropriate vehicle for granting ultimate relief.[4] Specifically, a court cannot render ultimate relief sought in a habeas petition—releasing a detainee—in the form of a preliminary injunction or TRO.[5]

Saechao's TRO seeks to upend these bedrock principles. First, it seeks to change the status quo at the time of the lawsuit. Saechao is in ICE custody and wants out.[6] But granting a TRO would just preserve the status quo of Saechao being in custody—something she obviously does not want. What's more, Saechao's TRO seeks to conclusively resolve the ultimate legal dispute in this case—whether ICE can

---

[2] *Apex Grp. Cap. Advisors LLC v. Related Fund Mgmt. LLC*, No. 3:25-CV-1627-X, 2025 WL 1869436, at *2 (N.D. Tex. July 7, 2025) (Starr, J.) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

[3] *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

[4] *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025).

[5] *Ramirez v. Noem*, 6:25-CV-035-H, at *2 (N.D. Tex. Feb. 5, 2026) (Hendrix, J.) (citing *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025)).

[6] Doc. 3 at 29.

detain Saechao. Conclusively deciding legal issues and granting ultimate relief is something courts do not do in TROs. No wonder this tactic is now 0-27.

The Court **DENIES** Saechao's TRO/PI request. Saechao's habeas petition remains pending.

**IT IS SO ORDERED** this 4th day of March, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE