UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOUANG SIEW SAECHAO, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-0624-X |
| | § | |
| KRISTI NOEM, et al., | § | |
| | § | |
| *Respondents*. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is counsel, Dan Gividen's, Notice of Clerical Errors and Statement of Counsel. (Doc. 10). Although the Court largely did not appreciate the tone of counsel's filing, it appreciated the clarifications provided and the lessons learned by counsel. The Court corrects the record as explained below.

As an initial matter, Mr. Gividen identifies certain clerical errors in the Court's Order denying Petitioner's motion for an emergency Temporary Restraining Order (TRO) and Preliminary Injunction (PI).[1] The Court previously stated that it identified 26 other cases involving substantially identical "emergency" TRO/PI requests filed by Mr. Gividen.[2] Mr. Gividen notes "the Court's count of TRO/MPIs filed would be approximately correct[,]" but states that he "raises these errors solely in the interest of an accurate record."[3]

---

[1] Doc. 10 at 1–3.

[2] Doc. 8 at 1.

[3] Doc. 10 at 3.

1

Upon further review, the Court determined that, at the time it entered its Order (Doc. 8), Mr. Gividen had filed 25 other "emergency" TRO/PI requests,[4] 1 standalone emergency TRO request,[5] and 2 motions for expedited briefing and PI in connection with habeas petitions.[6] Thus, while the Court overstated the number of TRO/PI requests by one, it understated the overall number of expedited or emergency filings filed by Mr. Gividen in this district. Counsel correctly identified an inadvertent duplication and a typographical error in one case citation.[7] The Court hereby corrects the record accordingly. As corrected, the record reflects 26 unsuccessful TRO/PI requests—including the request in this case—and 29 unsuccessful expedited or emergency requests in total.[8]

---

[4] *See Cruz Ramirez v. Noem et al.*, 6:26-CV-0035-H (Hendrix, J.); *Marquez Vazquez v. Noem et al.*, 6:26-CV-0011-H (Hendrix, J.); *Concha v. Noem et al.*, 6:25-CV-0105-H (Hendrix, J.); *Gulbas v. Noem et al.*, 3:26-CV-0296-K (Kinkeade, J.); *Priimov v. Noem et al.*, 3:25-CV-3555-O (O'Connor, C.J.); *Merchant v. Noem et al.*, 3:25-CV-3373 (Starr, J.); *Villantes George v. Noem et al.*, 3:25-CV-2935-S-BW (Scholer, J.); *Ramirez Guzman v. Noem et al.*, 3:25-CV-2932-E-BT (Brown, J.); *Flores Perez v. Noem et al.*, 3:25-CV-2920-K-BN (Kinkeade, J.); *Thai v. U.S. Dep't of Homeland Sec. et al.*, 3:25-CV-2221-X-BN (Starr, J.); *Alizadeh v. Noem et al.*, 3:25-CV-2316-S-BN (Scholer, J.); *Nouansisouhak v. Noem et al.*, 3:25-CV-2222-K-BW (Kinkeade, J.); *Ngo v. U.S. Dep't of Homeland Sec. et al.*, 3:25-CV-1943-L-BT (Lindsey, J.); *Nguyen v. Noem et al.*, 3:25-CV-1913-L-BT (Lindsey, J.); *Hong v. Noem et al.*, 1:26-CV-0037-H (Hendrix, J.); *Torres Medrano v. Noem et al.*, 1:25-CV-0285-H (Hendrix, J.); *Favel v. Noem et al.*, 1:25-CV-0261-H (Hendrix, J.); *Guevera-Vasquez v. Noem et al.*, 1:25-CV-0258-H (Hendrix, J.); *Beltran-Menjivar v. Noem et al.*, 1:25-CV-0253-H (Hendrix, J.); *Vargas Isidoro v. Noem et al.*, 1:25-CV-0252-H (Hendrix, J.); *Candia-Rincon v. Noem et al.*, 1:25-CV-0251-H (Hendrix, J.); *Higareda-Cano v. Noem et al.*, 1:25-CV-0225-H (Hendrix, J.); *Ladak v. Noem et al.*, 1:25-CV-0194-H (Hendrix, J.); *Trevizo v. Noem et al.*, 3:26-CV-0039-E (Brown, J.); *Alambarrio-Cardenas v. Noem et al.*, 3:26-CV-0276-S-BK (Scholer, J.).

[5] *Nguyen v. Noem et al.*, 6:25-CV-0057-H (Hendrix, J) (Doc. 7).

[6] *Id.,* (Doc. 3); *Phan v. Noem et al.,* 6:25-CV-0055-H (Hendrix, J) (Doc. 2).

[7] Doc. 10 at 3.

[8] *See Cruz Ramirez v. Noem et al.*, 6:26-CV-0035-H (Hendrix, J.); *Marquez Vazquez v. Noem et al.*, 6:26-CV-0011-H (Hendrix, J.); *Concha v. Noem et al.*, 6:25-CV-0105-H (Hendrix, J.); *Gulbas v. Noem et al.*, 3:26-CV-0296-K (Kinkeade, J.); *Priimov v. Noem et al.*, 3:25-CV-3555-O (O'Connor, C.J.); *Merchant v. Noem et al.*, 3:25-CV-3373 (Starr, J.); *Villantes George v. Noem et al.*, 3:25-CV-2935-S-BW (Scholer, J.); *Ramirez Guzman v. Noem et al.*, 3:25-CV-2932-E-BT (Brown, J.); *Flores Perez v. Noem et al.*, 3:25-CV-2920-K-BN (Kinkeade, J.); *Thai v. U.S. Dep't of Homeland Sec. et al.*, 3:25-CV-2221-X-BN (Starr,

Next, Mr. Gividen challenges the Court's characterization of his TRO/PI filing practice. First, counsel takes issue with the Court's description of his filings is as "boilerplate."[9] But they largely are boilerplate. Webster's Collegiate Dictionary defines boilerplate as "standardized text" or "ready-made or all-purpose language."[10] When a habeas petition fails to update pronouns to account for the client's gender, such clerical errors indicate that much language in the petition is standardized, all-purpose text.[11]

Second, the Court reiterates that it does not object to counsel—or any other attorney—filing habeas petitions in this district, nor does it object to requests for expedited briefing when warranted. The Court's prior Order was directed only at counsel's repeated use of emergency TRO and/or PI requests. Those filings have repeatedly required the Court to divert limited judicial resources to matters presented as emergencies, despite their consistent lack of success.

---

J.); *Alizadeh v. Noem et al.*, 3:25-CV-2316-S-BN (Scholer, J.); *Nouansisouhak v. Noem et al.*, 3:25-CV-2222-K-BW (Kinkeade, J.); *Ngo v. U.S. Dep't of Homeland Sec. et al.*, 3:25-CV-1943-L-BT (Lindsey, J.); *Nguyen v. Noem et al.*, 3:25-CV-1913-L-BT (Lindsey, J.); *Hong v. Noem et al.*, 1:26-CV-0037-H (Hendrix, J.); *Torres Medrano v. Noem et al.*, 1:25-CV-0285-H (Hendrix, J.); *Favel v. Noem et al.*, 1:25-CV-0261-H (Hendrix, J.); *Guevera-Vasquez v. Noem et al.*, 1:25-CV-0258-H (Hendrix, J.); *Beltran-Menjivar v. Noem et al.*, 1:25-CV-0253-H (Hendrix, J.); *Vargas Isidoro v. Noem et al.*, 1:25-CV-0252-H (Hendrix, J.); *Candia-Rincon v. Noem et al.*, 1:25-CV-0251-H (Hendrix, J.); *Higareda-Cano v. Noem et al.*, 1:25-CV-0225-H (Hendrix, J.); *Ladak v. Noem et al.*, 1:25-CV-0194-H (Hendrix, J.); *Trevizo v. Noem et al.*, 3:26-CV-0039-E (Brown, J.); *Alambarrio-Cardenas v. Noem et al.*, 3:26-CV-0276-S-BK (Scholer, J.); *Saechao v. Noem et al.*, No. 3:26-CV-0624-X-BW, (Starr, J.); *Nguyen v. Noem et al.*, 6:25-CV-0057-H (Hendrix, J.) (Docs. 3, 7); *Phan v. Noem et al.,* 6:25-CV-0055-H (Hendrix, J.) (Doc. 2).

[9] Doc. 10 at 7.

[10] Boilerplate, Merriam-Webster Collegiate Dictionary (11th ed. 2007).

[11] *See, e.g.*, *Saechao v. Noem et al.*, No. 3:26-CV-0624-X-BW (Docs. 1 at 5; 3 at 2, 18) (Starr, J.) (identifying the petitioner as "Ms. Saechao" while using he/him pronouns in the same sentence and otherwise using she/her pronouns throughout the filing); *see also, Merchant v. Noem et al.*, No. 3:25-CV-3373-X (Doc. 1 at 4–5) (Starr, J.) (referencing the petitioner being held within two different detention facilities).

3

Third, the Court updates its reference to counsel's 0-27 record to reflect that counsel was only 0-26 on joint TRO/PI requests but actually 0-29 on expedited or emergency motions for TROs and/or PIs.  This clarification simply accounts for the different labels Mr. Gividen attached to his emergency requests.  To be clear, the Court's observation was directed solely at counsel's emergency motion practice in the Northern District of Texas, not at the merits of the underlying habeas petitions.

***

The Court appreciates Mr. Gividen's commitment to a correct record and his representation that he has discontinued the practice of routinely coupling habeas petitions with emergency TRO and/or PI requests.  The Court welcomes well-founded habeas petitions and appropriately supported requests for expedited consideration. It does not welcome the routine invocation of emergency procedures where the governing standards are not met.  But the Court expects the concerns addressed in its prior Order will not arise again.

**IT IS SO ORDERED** this 27th day of July, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

4